1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL SANCHEZ, an individual, ) | CASE NO. CV14-06902 JFW (AJWx) |
| ) | *[Assigned to Judge John F. Walter,* |
| Plaintiff, ) | *Courtroom 16]* |
| ) | |
| vs. ) | **PROTECTIVE ORDER FOR** |
| ) | **DOCUMENTS AND INFORMATION** |
| COUNTY OF LOS ANGELES, a ) | **DISCLOSED DURING DISCOVERY** |
| governmental entity; MORGAN ) | |
| ARTEAGA, an individual; and DOES ) | |
| 1 to 20, inclusive, ) | |
| ) | |
| Defendants. ) | **Complaint Filed: 9/4/14** |
| ) | **Trial: 4/28/15** |
| ) | |

After considering the stipulation filed by Plaintiff and Defendant concurrently herewith, and with good cause appearing, it is hereby ordered as follows:

The Court hereby issues a protective order precluding publication and limiting the use of the following documents and information which contain confidential and privileged information: **(a) Any information or documents contained in the personnel file or employment records of Deputy Morgan Arteaga that is in the possession the Los Angeles County Sheriff's Department (including, but not**

19201

1

**[PROPOSED] PROTECTIVE ORDER**

**limited to, complaints regarding use of excessive force, other types of complaints, internal investigations, disciplinary history, medical records, and payroll records, job performance evaluations, education records, employee training records); and (b) Information contained in the investigation reports related to the arrest and detention of persons other than Plaintiff, which is confidential and has not been made public.**

1. Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the production of documents and information responsive to the discovery requests of Plaintiffs and to balance the privacy interests and protection of information afforded to law enforcement officers in the state of California including Deputy Morgan Arteaga that County contends is statutorily deemed confidential and protected by California Evidence Code section 1040 *et seq.*, the official information privilege (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)), California Penal Code section 832.5 *et seq.,* and California Evidence Code sections 1043 and 1045, and the right to privacy as guaranteed by the United States Constitution. Good cause further exists because if this confidential information were made public in this proceeding, it could allow for misuse of the peace officer personnel information and other official information in other judicial and administrative proceedings. Additionally, all named defendants are currently active peace officers, some or all of whom regularly work in the field; therefore, if this confidential information were made public, the information could be misused in ways that endanger the lives of the officers and their families and/or interfere with their law enforcement duties.

2. The information and/or documentation identified above that are the subject of this order will be referred to collectively as the "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

    a. CONFIDENTIAL INFORMATION shall be used solely in

19201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, Plaintiff's counsel is expressly prohibited from disclosing any CONFIDENTIAL INFORMATION (either the documents or deposition testimony themselves, or any information contained therein) to either Plaintiff Gabriel Sanchez or the attorneys representing Plaintiff in his state court criminal proceedings (Case No. 4SY02314).

    b.    CONFIDENTIAL INFORMATION produced in this action may be designated by Defendants by marking each page of the document(s) with a stamp stating "CONFIDENTIAL". Should Plaintiff seek any CONFIDENTIAL INFORMATION from sources other than through Defendant's counsel, Plaintiff must provide Defendants with written notice of their intent to do so no later than ten days prior to seeking such documents. This notice shall include the name, address, and telephone number of the person or entity from whom Plaintiff seeks such CONFIDENTIAL INFORMATION, and a detailed description of any documents or information sought. Should the CONFIDENTIAL INFORMATION be sought through a subpoena, timely service of the subpoena itself on Defendants' counsel shall constitute sufficient written notice. Plaintiff agrees that the first review of documents or information obtained in this manner shall be in the joint presence of both Plaintiff's counsel and Defendant's counsel, and that Defendants may mark the documents and/or testimony as "CONFIDENTIAL" in accordance with the procedures outlined herein. This subsection does not modify or alter any requirements under the Local Rules or the Federal Rules

19201

3

**[PROPOSED] PROTECTIVE ORDER**

of Civil Procedure, or preclude Defendants from seeking a protective order prior to the production of any CONFIDENTIAL INFORMATION.

c. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

d. At any time after receipt of documents labeled "CONFIDENTIAL," Plaintiff may provide Defendants with a written objection to the classification of specific documents as "CONFIDENTIAL" and the basis for Plaintiff's objection. Upon receipt of such written objection, the Defendants shall provide a written response to Plaintiff within three business days. If the Defendants do not agree with the position of Plaintiff, the Plaintiff shall have the option of proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of Local 37 *et seq.* prior to the filing of any such motion. The Defendants shall bear the burden of establishing the confidential nature of the disputed documents.

e. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court.

19201

f. Defendants reserve all evidentiary objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client privilege and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring a protective order before the Court.

g. Plaintiff reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery.

h. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(i) below.

i. CONFIDENTIAL INFORMATION may only be disclosed to the following persons:

  i. Counsel for Plaintiff (excluding Plaintiff's criminal counsel in LASC Case No. 4SY02314)

  ii. Paralegal, law clerk, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in paragraph 2(i)(i) above.

  iii. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action.

  iv. Any expert or consultant retained in the instant case.

  v. Any individual approved by the Court.

j. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including the print, radio, television, or any

other media.

k. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website.

l. If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and requested to be filed under seal in accordance with Local Rule 79-5.

m. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to redaction and/or filing documents under seal.

n. Nothing in paragraph 2(e) is intended to prevent authorized government officials for the County of Los Angeles from having access to the documents if they had access in the normal course of their job duties.

3. Plaintiff, Plaintiff's counsel, Defendants, and Defendant's counsel shall cause the substance of this Protective Order to be communicated to each person to whom CONFIDENTIAL INFORMATION is revealed and/or disseminated and shall obtain agreement to abide by the Protective Order from each such person.

4. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for Defendants, Collins Collins Muir + Stewart LLP, 1100 El Centro Street, South Pasadena, CA 91030. This case shall be completed when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for

reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded. The provisions of this Order shall be in effect until further order of this Court.

5. Any counsel, expert, or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION or the information contained therein in to any other persons or entities for any reason, nor in any other court proceeding subject to further order of this Court.

6. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

7. For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

**IT IS SO ORDERED.**

\_\_\_\_\_2/18/15_____    _____
Date                                                              Hon. Andrew J. Wistrich
                                                                          United States Magistrate Judge

19201

7
**[PROPOSED] PROTECTIVE ORDER**